UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| JOHN BAYSE, ) | CASE NO.1:07CV536 |
| ) | |
| Plaintiff, ) | JUDGE CHRISTOPHER A. BOYKO |
| ) | |
| Vs. ) | |
| ) | |
| SWIFT TRANSPORTATION, ET AL., ) | OPINION AND ORDER |
| ) | |
| Defendant. ) | |

## CHRISTOPHER A. BOYKO, J:

On January 19, 2007, Plaintiff John Bayse filed his Complaint in Cuyahoga County Court of Common Pleas, alleging Defendants' negligence was the proximate cause of his injuries. On February 23, 2007, Defendants removed this case to United States District Court pursuant to 28 U.S.C. §1332 which states in pertinent part:

> (a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between--
>
> (1) citizens of different States;

In its Notice of Removal, Defendants contend there exists complete diversity of citizenship since Plaintiff is an Ohio resident and Defendants are all residents of the State of Nevada. Defendants then state, "...this is an action at common law in a civil nature and that the amount in controversy, exclusive of interests and costs exceeds the sum of $75,000." (Notice of

Removal pg. 1). However, Defendants point to no set of facts that permit this Court to conclude the jurisdictional amount has been met. Plaintiff's Complaint alleges the amount in controversy exceeds $25,000. Plaintiff does not seek punitive damages. Costs and interest are excluded by statute from the jurisdictional calculation. Nor has Defendant set forth facts alleging Plaintiffs are entitled to attorneys fees. Finally, its is unclear the type or extent of the injuries suffered by Plaintiff from the plain language of the Complaint.

A Defendant seeking to remove a case to federal court on diversity grounds has the burden of proving diversity jurisdiction requirements. See *Gafford v. General Electric Co.*, 997 F.2d 150, 155 (6th Cir. 1993). The Sixth Circuit has held the jurisdictional amount is satisfied "if there is a probability that the value of the matter in controversy exceeds the jurisdictional amount." *Kovacs v. Chesley*, 406 F.3d 393, 397 (6th Cir. 2005), quoting *Worthams v. Atlanta Life Ins. Co.*, 533 F.2d 994, 997 (6th Cir.1976). However, mere conclusory statements in the Notice of Removal that the amount in question exceeds the jurisdictional amount is insufficient to show the jurisdictional amount has been met. See *National Nail Corp. v. Moore*, 139 F. Supp.2d 848, 849-50 (W.D. Mich. 2001).

In *National Nail*, the Michigan Court found the removing defendant failed to include any facts supporting his contention that the jurisdictional amount had been met. Furthermore, the Court found nothing in the Complaint alleged damages in excess of $75,000. This is the identical situation in this case. In the absence of facts demonstrating a probability that the jurisdictional amount has been met, the Court finds Defendants have failed to meet their burden of showing diversity jurisdiction.

Therefore, the Court Remands this action to Cuyahoga County Court of Common Pleas for adjudication.

IT IS SO ORDERED.

_____4/25/07_____  　　　　　　　*Christopher A. Boyko*
Date　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　CHRISTOPHER A. BOYKO
　　　　　　　　　　　　　　　　　United States District Judge

**FILED**

APR 25 2007

CLERK OF COURTS
U.S. DISTRICT COURT, N.D.O.
CLEVELAND